## SUCCESSION OF F. GAUTIER.

The commission to which an administrator is entitled is two and a half per cent. upon the amount of the inventory, deducting bad debts.  C. C. 1062.

It is not necessary, under the provisions of the Act of 1852, chap. 305, that a judgment by default should precede a judgment homologating an administrator's account, rendered by the Clerk of the District Court.

APPEAL from the District Court, Parish of Lafayette.  *Crow & Girard*, for administrator.  *Mouton*, for opponents and appellants.

BUCHANAN, J.  Three creditors of this estate have appealed from a judgment of homologation of a tableau of distribution rendered by the clerk of the District Court of Lafayette.

The appellee (the administrator of the estate) asks us to dismiss the appeal, on the ground that the claims of the appellants, singly, do not equal the constitutional amount requisite to give this Court jurisdiction.

But by the admission of the administrator himself, in his tableau, the claim of one of the appellants, *Eleazur Pret*, exceeds three hundred dollars.  As all the appellants have joined in one appeal, and as no point is raised in argument which is not common to all of them, it is immaterial to examine the amount of the claims of the other two appellants, or to decide whether, in a controversy respecting the distribution of funds, the amount of the fund to be distributed, or the amount of single claims, is the standard of the jurisdiction of this Court.

There was no opposition to the administrator's account filed in the Court below, but the appellants rely for a reversal of the judgment upon errors apparent on the face of the record.

The account is very loosely drawn.  It commences with the following item, being the only one to the credit of the estate :

" Amount of sales which, when collected, will be the active mass, $3800 00."

Under the head of privileged debts is the following item :

"Administrator's commission, $190 00."

The appellants have especially directed our attention to this item, which is just 5 per cent. upon what figures in the tableau, as " the active mass."

The commission to which an administrator is entitled is two and a half per cent. upon the amount of the inventory of the estate administered, after deducting bad debts.  C. C. 1062.

It is possible that the commission charged in the account does not exceed the amount allowed by law, but the record does not show that such is the case.

In other respects this account is very vague and unsatisfactory. Many of the items of "privileged debts" declare the names of the creditors, but not the nature of the claims. Others mention the nature of the claim, but not the name of the creditor. For instance, there is an item, "Attorney's fees, $100." Now, the attorneys of record are *Crow & Girard*, of which firm we understand the administrator to be a member. It appears to us that this item, particularly, should have stated the name of the claimant, in order to enable us to judge of the legality of the claim.

We remark, also, that the account makes no mention of the place of residence of any of the creditors, as required by article 1168 of the Civil Code.

We think that justice requires we should open the judgment of homologation.

There is a point of practice, raised by the appellants, upon which it is proper that we should express an opinion.

It is not necessary, under the provisions of the Act of 1852, chap. 305, that a judgment by default should precede a judgment of homologation of an administrator's account, rendered by the Clerk of a District Court.

It is, therefore, adjudged and decreed, that the judgment of homologation, appealed from, be reversed, and that this cause be remanded for further proceedings according to law—the costs of appeal to be borne by the succession.